IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| ANDREW CLARK, HAROLD JOHNSON, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> CCUSO NURSING STAFF, MARY BENSON, JASON SMITH, AND BRAD WITTROCK <br><br> Defendants. | No. 13-CV-4076-DEO <br><br> **INITIAL REVIEW ORDER** |

## I. INTRODUCTION AND BACKGROUND

This matter is currently before the Court on Andrew Clark and Harold Johnson's [hereinafter collectively as the Plaintiffs] Motion for Leave to Proceed in Forma Pauperis, Motion for Appointment of Counsel, and 42 U.S.C. Section 1983 Complaint. The Plaintiffs are an involuntarily committed patients at the Civil Commitment Unit for Sex Offenders (CCUSO) in Cherokee, Iowa.[1]

---

[1] The patients at CCUSO "have served their prison terms but in a separate civil trial have been found likely to commit further violent sexual offenses." Iowa Department of Human Services Offer #401-HHS-014: CCUSO, http://www.dhs.state.ia.us/docs/11w-401-HHS-014-CCUSO.pdf, last visited October 23, 2013.

**II.  IN FORMA PAUPERIS**

The filing fee for a 42 U.S.C. § 1983 petition is $350. 28 U.S.C. § 1914(a).  The doctrine of in forma pauperis allows a plaintiff to proceed without incurring filing fees or other Court costs.  28 U.S.C. § 1915(a)(1).  However, prisoners must meet certain requirements in order to have their filing fee waived.  28 U.S.C. 1915(a)-(b).  A prisoner is defined as "any person incarcerated or detained in any facility" for "violations of criminal law . . . ."  28 U.S.C. § 1915(h). Under the statute, prisoners are required to pay filing fees over time and are not entitled to proceed in forma pauperis as to filing fees.  Id.  However, CCUSO is not a prison facility; it "provides a secure, long term, and highly structured environment for the treatment of sexually violent predators."[2] Moreover, the Iowa Code specifies that the types of persons confined at CCUSO are not prisoners.  They are civilly committed patients who suffer from a "mental abnormality." I.C.A. § 229A (generally); I.C.A. § 229A.2(11).  Accordingly, individuals held due to civil commitment under I.C.A. § 229A

---

[2] Iowa Department of Human Services Offer #401-HHS-014: CCUSO, http://www.dhs.state.ia.us/docs/11w-401-HHS-014-CCUSO.pdf, last visited October 23, 2013.

are not prisoners and are not subject to 28 U.S.C. § 1915(a)-(b). See Kolocotronis v. Morgan, 247 F.3d 726, 728 (8th Cir. 2001), stating that those committed to state hospitals are not prisoners as defined under 28 U.S.C. § 1915; Youngberg v. Romeo, 457 U.S. 307, 321-22 (1982), stating that individuals who are involuntarily committed "are entitled to more considerate treatment than criminals whose conditions of confinement are designed to punish;" and Michau v. Charleston County, S.C., 434 F.3d 725 (4th Cir. 2006), *cert. denied* Michau v. Charleston County, S.C., 126 S. Ct. 2936 (2006), stating that:

> [h]owever, [plaintiff] is presently being detained under the SVPA, which creates a system of civil, not criminal, detention. ... see also Kansas v. Hendricks, 521 U.S. 346, 365-69 (1997) (concluding that Kansas's Sexually Violent Predators Act established civil rather than criminal detention scheme).[3] Because [plaintiff's] detention under the SVPA is not the result of a violation of criminal law, or of the terms of parole, probation, or a pretrial diversionary program, he does not meet the PLRA's definition of [a prisoner].[4] See ... Page v. Torrey, 201 F.3d 1136, 1139-40 (9th Cir. 2000) (concluding that a person detained under state's civil sexually

---

[3] SVPA stands for Sexually Violent Predator Act.
[4] PLRA stands for Prison Litigation Reform Act.

3

>     violent predator act is not a prisoner
>     within meaning of PLRA). Accordingly, the
>     PLRA provides no basis for the dismissal of
>     [plaintiff's] complaints.

Id. at 727-28. (Some internal citations omitted.)

In order to qualify for in forma pauperis status, a plaintiff must provide this Court an affidavit[5] with the following statements: (1) statement of the nature of the action, (2) statement that plaintiff is entitled to redress, (3) statement of the assets plaintiff possesses, and (4) statement that plaintiff is unable to pay filing fees and court costs or give security therefor. 28 U.S.C. § 1915(a)(1). The Plaintiffs' application substantially meets the above requirements. The Plaintiffs' Motion to Proceed in Forma Pauperis is **granted.** **<u>The Clerk of Court shall file and serve the Plaintiffs' Complaint by certified mail according to the attached service forms. No filing fee will be assessed.</u>**

However, once any portion of a filing fee is waived, a court must dismiss the case if a Plaintiff's allegations of poverty prove untrue or the action in question turns out to be

---

[5] An affidavit is a "voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths." Black's Law Dictionary (9th ed. 2009), affidavit.

4

frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

**III.  42 U.S.C. § 1983 INITIAL REVIEW STANDARD**

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Pro se complaints, no matter how "inartfully pleaded are held to less stringent standards than formal pleadings as drafted by a lawyer." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (internal citations omitted).

Although it is a long-standing maxim that a complaint's factual allegations are to be accepted as true at the early stages of a proceeding, this does not require that a court must entertain any complaint no matter how implausible. The facts pled "must [still] be enough to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In other words, the claim to relief must be "plausible on its face." Id. at 570. A claim is only plausible if a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft

5

v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Where the complaint does "not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]' - that the pleader is entitled to relief." Id. at 1950 (citing Fed. Rule Civ. Proc. 8(a)(2)).  In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  Id. at 1949.

42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

**IV. ISSUE**

The Plaintiffs argue that they have asthma, but CCUSO denies them access to inhalers when they are outside.  Docket

No. 1, p.2.  The Plaintiffs allege that this presents a serious medical risk.  Id.

**V. ANALYSIS**

The Plaintiffs allege a violation of their civil rights under 42 U.S.C. § 1983.  The Plaintiffs argue that the Defendants, the administrators and medical professionals at CCUSO, have violated their rights while acting under the color of government authority.  As stated above, they specifically allege that they are asthmatics and that the Defendants have denied them access to inhalers while they are outside in the yard.

At the outset, the Court notes that, "[p]ersons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." Youngberg, 457 U.S. at 321-22.  There has been some debate regarding the appropriate standard in this type of case.  In the context of inmate medical-care claims, Courts have stated that:

> [t]he Eighth Amendment's prohibition against cruel and unusual punishment, which embodies "broad and idealistic concepts of dignity, civilized standards, humanity, and decency," prohibits punishments which are incompatible with "the evolving standards

7

> of decency that mark the progress of a maturing society." Estelle v. Gamble, 429 U.S. 97, 102 (1976). It thus requires that the government provide "medical care for those whom it is punishing by incarceration." Id. at 103. The Eighth Amendment safeguards the prisoner against a lack of medical care that "may result in pain and suffering which no one suggests would serve any penological purpose." Id. Accordingly, "deliberate indifference to serious medical needs" of a prisoner constitutes the unnecessary and wanton infliction of pain forbidden by the Constitution. Id. at 104.

Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 828 (7th Cir. 2009) (parallel citations omitted). Recently, Courts have begun applying the deliberate indifference standard to civilly committed individuals. See Senty-Haugen v. Goodno, 462 F.3d 876, 889 (8th Cir. 2006) which applied the deliberate indifference standard to a medical-care claim raised by a patient involuntarily committed as a sexually violent predator under the 14th Amendment. However, this Court is not persuaded that deliberate indifference is necessarily the appropriate standard in all civil detainee cases. The Court believes that in some, if not most, circumstances Youngberg v.

8

Romeo, 457 U.S. 307, 321-22 (1982) provides the applicable standard regarding the treatment of civilly detained patients.

The Youngberg Court recognized that, though the Eighth Amendment is inapplicable, involuntarily committed persons have substantive rights arising under the Fourteenth Amendment. 457 U.S. at 315. Though "a State is under no constitutional duty to provide substantive services for those within its border . . . [w]hen a person is institutionalized," the State "has a duty to provide certain services and care . . . ." Id. at 317. Among the most basic substantive liberty interests to which involuntarily committed persons are entitled are rights "to adequate food, shelter, clothing, and medical" care. Id. at 315. Thus, under Youngberg, the standard for civil detainees is whether they were provided adequate medical care.

Clearly, the deliberate indifference standard is the stricter test, far more deferential to the Government regarding detainees' medical care. As will be discussed below, the Court finds that the Plaintiffs' claim should be allowed to proceed past the initial review even under the stricter, deliberate indifference standard. Accordingly, the

9

Court will not consider, initially, the Plaintiffs' claim under the Youngberg standard. This decision does not forestall the Court's ability to apply the Youngberg standard at later point in the proceeding.

Under the deliberate indifference standard, the Plaintiffs must show the Defendants were deliberately indifferent to a serious illness or injury. Senty-Haugen, 462 F.3d at 889. A successful deliberate indifference claim is comprised of both an objective and a subjective element. Farmer v. Brennan, 511 U.S. 825, 834 (1994). First, the Plaintiffs must demonstrate that, objectively, the deprivation they suffered was "sufficiently serious; that is, it must result in the denial of the minimal civilized measure of life's necessities." Walker v. Benjamin, 293 F.3d 1030, 1037 (7th Cir. 2002). In the medical care context, this objective element is satisfied when a plaintiff demonstrates that his medical need itself was sufficiently serious. Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997). Second, the Plaintiffs must establish that the defendants acted with a "'sufficiently culpable state of mind'" to support liability

10

under § 1983.  Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005).

Although negligence or inadvertence will not support a deliberate indifference claim, a plaintiff need not establish that officials actually intended harm to befall him from the failure to provide adequate care.  Walker, 293 F.3d at 1037. "[I]t is enough to show that the defendants knew of a substantial risk of harm to [the plaintiff] and disregarded the risk."  Greeno, 414 F.3d at 653.  A successful plaintiff need not show that he was literally ignored in his demands for medical treatment, and a defendant's showing that a plaintiff received some treatment does not resolve the issue conclusively if the treatment was "blatantly inappropriate." Greeno, 414 F.3d at 653-54 (internal citations and quotation omitted).  Finally, the Eighth Amendment "protects [a plaintiff] not only from deliberate indifference to his or her current serious health problems, but also from deliberate indifference to conditions posing an unreasonable risk of serious damage to future health."  Board v. Farnham, 394 F.3d 469, 479 (7th Cir. 2005).  "Deliberate indifference must be measured by the official's knowledge at the time in question,

11

not by 'hindsight's perfect vision.'" Schaub v. VonWald, 638 F.3d 905, 915 (8th Cir. 2011) (citing Lenz v. Wade, 490 F.3d 991, 993 n.1 (8th Cir. 2007)).

Accordingly, to succeed in their claim, the Plaintiffs must show that they have a significantly serious medical condition and that the Defendants acted with a sufficient culpable state of mind. The Plaintiffs have alleged that they are asthmatics and the Defendants refuse to provide them with medically necessary inhalers when they are doing recreation outside.

As was discussed above, at this early stage of the case, the Court must take the Plaintiffs' allegations as true and can only dismiss the case if there is no way, given those facts, that the Plaintiffs can prevail. In this case, it is clear that the Plaintiffs' asthma could be a serious medical condition. It is also true, given the Plaintiffs' allegations, that CCUSO could be violating the Plaintiffs' rights by refusing to provide medically necessary inhalers.

Because the Plaintiffs' claim must be allowed to proceed under the stricter deliberate indifference standard, it is

12

equally clear that the Plaintiffs' claim should be allowed to proceed if the adequate care standard applies.

## VI. PEOPLE AT CCUSO THAT HAS ASTHMA

The Plaintiffs also brought this case on behalf of "People at CCUSO that Has Asthma." The Plaintiffs are not attorneys and cannot represent other patients. Only Mr. Clark and Mr. Johnson signed the Complaint and other Motions. Accordingly, Plaintiff "People at CCUSO that has Asthma" is dismissed from the case.

## VII. DEFENDANT CCUSO NURSING STAFF

The Plaintiffs attempted to file this case against "CCUSO Nursing Staff." As stated above, 42 U.S.C. § 1983 provides that "every person" acting under the color of state law shall be liable. Accordingly, defendants in 42 U.S.C. § 1983 must be individual, identifiable people. The broad category "CCUSO Nursing Staff" does not meet that standard. Accordingly Defendant "CCUSO Nursing Staff" is dismissed.

## VIII. APPOINTMENT OF COUNSEL

28 U.S.C. §1915(e)(1) provides that appointment of counsel for a person unable to afford counsel is within this Court's discretion. Given the Plaintiffs' current financial

13

situation and the nature of their claim, their Motion for Appointment of Counsel is **granted**. The Court hereby appoints attorney Robert Tiefenthaler under Library Fund Administrative Order No. 13-AO-0009. After consulting with the Plaintiffs regarding the nature of the alleged claim, appointed counsel will file an Amended Complaint specifically setting out the Plaintiffs' legally viable claims within 45 days.

**IX. CONCLUSION**

For the reason set out above, the Plaintiffs' application to proceed in forma pauperis is **granted**. The Plaintiffs' 42 U.S.C. § 1983 Complaint is allowed to proceed as described above. The Plaintiffs' application for the appointment of counsel is **granted** as set out above. Both the Plaintiff "People at CCUSO that has Asthma" and Defendant "CCUSO Nursing Staff" are hereby dismissed from the case.

**IT IS SO ORDERED** this 31st day of October, 2013.

_____
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa

NOTICE OF LAWSUIT
and REQUEST FOR
WAIVER OF SERVICE OF SUMMONS

<u>TO THE NAMED DEFENDANT(S) IN THE FOLLOWING CAPTIONED ACTION:</u>

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| **ANDREW CLARK AND HAROLD JOHNSON**, | |
| Plaintiff, | No. 13-CV-4076-DEO |
| v. | |
| **MARY BENSON, et al.,** | |
| Defendants. | |

  A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint and a copy of the corresponding order from this Court are attached. This complaint has been filed in the United States District Court for the Northern District of Iowa.

  Pursuant to Rule 4 of the Federal Rules of Civil Procedure, you have an obligation to cooperate in saving unnecessary costs of service of summons and complaint. Please sign the enclosed document where appropriate acknowledging receipt of the complaint and notice of this pending lawsuit and waiving formal service of summons. After signing the enclosed document, please return it to the United States Clerk's Office in the envelope provided within thirty (30) days of this date: __October 31, 2013__.

  I affirm that this notice and request for waiver of service of summons is being sent to you on behalf of the plaintiff, this __October 31__, 2013.

                          /s/ djs, Deputy Clerk
                          Signature (Clerk's Office Official)
                           Northern District of Iowa

15

Case 5:13-cv-04076-DEO Document 7 Filed 10/31/13 Page 15 of 17

# ACKNOWLEDGMENT OF RECEIPT OF NOTICE OF LAWSUIT, and WAIVER OF SERVICE OF SUMMONS

(**Return **this** document within thirty days after ___10/31/13___, to the United States Clerk's Office in the envelope provided.)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| **ANDREW CLARK AND HAROLD JOHNSON,** <br><br> Plaintiff, <br><br> v. <br><br> **MARY BENSON, et al.,** <br><br> Defendants. | **No. 13-CV-4076-DEO** |

_____

    I acknowledge receipt of the complaint and notice of the lawsuit in which I (or the entity on whose behalf I am addressed) have been named a defendant. I have received and/or read the complaint accompanying this document.

    I agree to save the cost of service of a summons and an additional copy of the complaint by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4 of the Federal Rules of Civil Procedure. I hereby waive service of summons.

    I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the service of summons. I understand that a judgment may be entered against me (or the entity on whose behalf I am acting) if an answer or motion under Rule 12 of the Federal Rules of Civil Procedure is not served within 60 days after ___10/31/13___, (the date Notice, Waiver and corresponding documents were sent or from the date of the filing of the Amended Complaint, whichever is later) .

Date _____    Signature _____
                                Printed name _____
                                As _____ of _____
                                    (Title)        (Entity)

**Address Form**

Case Number: 13-CV-4076-DEO          Date: ___10/31/13___

To:     Clerk of Court
RE:    Service on Named Defendants

    Below, please find the known (or likely) addresses for the following persons/entities who have been named as defendants to this action:

Defendant:    **ALL DEFENDANTS**
**c/o Civil Commitment Unit for Sexual Offenders**
**1251 West Cedar Loop**
**Cherokee, Iowa 51012**

**Gretchen Witte Kraemer**
**Department of Justice**
**Regents and Human Services Division**
**Hoover Building**
**Des Moines, Iowa 50319-0109**